## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

MICHAEL CANNON,                         )
an individual,                          )
                                        )
        Plaintiff,                      )        Case No:
                                        )
v.                                      )
                                        )
GEORGETOWN PROPERTIES, L.L.C.,          )
a Delaware Limited Liability Company,   )
                                        )
        Defendant.                      )
_____     /

## COMPLAINT

Plaintiff, MICHAEL CANNON, an individual, by and through his undersigned counsel, hereby files this Complaint and sues GEORGETOWN PROPERTIES, L.L.C., a Delaware Limited Liability Company, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. §§ 12181 et seq., ("Americans with Disabilities Act" or "ADA") and states as follows:

## JURISDICTION AND PARTIES

1.     This is an action for declaratory and injunctive relief pursuant to Title III of the ADA.  This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

3.     Plaintiff, MICHAEL CANNON, (hereinafter referred to as "MR. CANNON") is a resident of the State of Delaware.

4.     MR. CANNON is a qualified individual with a disability under the ADA.  In July 2011, MR. CANNON suffered a severe injury to his spinal cord which resulted in trauma to his C6 and C7 vertebrae. As a result, MR. CANNON is a quadriplegic and is paralyzed from the chest down.  MR. CANNON also suffers from limited dexterity in his hands due to the same incident.

1

5.  Due to his disability, Plaintiff is substantially impaired in several major life activities including walking and standing, and requires a wheelchair for mobility.

6.  The Defendant, GEORGETOWN PROPERTIES, L.L.C., (hereinafter referred to as "DEFENDANT") is a Delaware Limited Liability Company registered to do business in Delaware. DEFENDANT is the owner, lessee, and/or operator of the place of public accommodation including the real property and improvements which is the subject of this action, to wit: Georgetown Square, generally located at 432 E Market St, Georgetown, DE 19947 ("the Property"). The Defendant is responsible for complying with the obligations of the ADA.

7.  All events giving rise to this lawsuit occurred in the District of Delaware.

## COUNT I
## (VIOLATION OF TITLE III OF THE ADA)

8.  The allegations set forth in the preceding paragraphs above are incorporated by reference as if fully set forth herein.

9.  The Property, a shopping plaza including many retail stores and restaurants, is a place of public accommodation and is therefore subject to Title III of the ADA.

10.  MR. CANNON has visited the Property several times during the past year, most recently in early February and late March of 2026. The Defendant's Property is located approximately ten (10) miles, or a twenty (20) minute drive from Plaintiff's residence, and Plaintiff regularly travels to the Georgetown, DE area where the Property is situated. Plaintiff plans to return to the Property in the near future because he enjoys the stores located there and its convenient location.

11.  During his visits, MR. CANNON experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers as discussed herein.

12.    MR. CANNON intends to and will visit the Property to utilize the goods and services in the future because he enjoys the mix of stores located there and its convenient location, but fears that he will face the same barriers to access as discussed herein.

13.    Defendant has discriminated, and continues to discriminate, against Plaintiff in violation of 42 U.S.C. §§ 12181 et seq. and 28 C.F.R. §§ 36.304 et seq. by excluding and/or denying Plaintiff the benefits of the goods and services located on the Property by failing to have accessible facilities by January 26, 1992. These barriers to access include, but are not limited to the following items which plaintiff personally observed and/or encountered at the Property and which reduced his access:

A.    Plaintiff encountered inaccessible parking spaces intended for ADA use near the Little Caesars Pizza and Dollar General tenant spaces due to a lack of signage to identify the spaces as exclusively for disabled use. Specifically, four (4) of the six (6) ADA spaces in the lot lack any signage to identify them as exclusively for disabled use. These issues made it difficult for Plaintiff to recognize and use the disabled use parking spaces and fails to discourage some able-bodied patrons from parking in those spaces.

B.    Plaintiff encountered two (2) inaccessible parking spaces intended for ADA use near the Little Caesars Pizza due to the lack of an adjacent access aisle for safe loading and unloading. These issues made it difficult and dangerous for Plaintiff to park and safely load/unload from his vehicle due to the lack of available maneuvering clearance when cars are parked in the neighboring spaces and due to vehicular traffic in the lot.

C.      Plaintiff encountered inaccessible routes leading from the intended ADA parking to the Property sidewalks due to steep ramps, uneven pavement and steep slopes along the route which made it difficult and dangerous for Plaintiff to maneuver onto the sidewalk using his wheelchair.  Additionally, the ADA spaces near Little Caesars Pizza lack an adjacent curb ramp to reach the sidewalk as the only ramps are located at the end points of the plaza.  Due to these conditions, Plaintiff had to use extreme caution to avoid the passing vehicular traffic in the lot while also navigating the dangerous pavement issues to avoid a fall.

14.     To date, these barriers and other violations of the ADA which are readily achievable to repair, still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

15.     Independent of his intent to return as a patron of the Property because he enjoys the mix of stores located there and its convenient location, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.  However, but for the above-described barriers to access, Plaintiff would visit the Property more often.

16.     Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on the Defendant.

17.     Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

18.     The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant pursuant to 42 U.S.C. § 12205.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff demands judgment against DEFENDANT and requests the following injunctive and declaratory relief:

A.    That the Court declares that the Property owned and operated by DEFENDANT is in violation of the ADA;

B.    That the Court enter an Order directing DEFENDANT to alter the facilities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

C.    That the Court enter an Order directing DEFENDANT to evaluate and neutralize the policies and procedures towards persons with disabilities for such reasonable time so as to allow DEFENDANT to undertake and complete corrective procedures.

D.    That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and that the Court award such other and further relief as it deems necessary, just and proper.

E.    That this Court award Plaintiff such other additional and proper relief as may be just and equitable.

Dated: April 28, 2026

Respectfully Submitted,

By: */s/ Courtney R. Prinski*
Courtney R. Prinski, Esq. (#5432)
Jacobs & Crumplar, P.A.
*Of Counsel*
10 Corporate Circle, Suite 301
New Castle, DE 19720
Tel.: (302) 656-5445
Fax: (302) 656-5875

5

E-Mail:  CourtneyP@jcdelaw.com

-and-

Ku & Mussman, P.A.
18501 Pines Blvd, Suite 362
Pembroke Pines, FL 33029
Tel: (305) 891-1322
Fax: (954) 686-3976

6